IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **NICHOLAS BARBATI,** | ) | **Civil Action No. 7:13-cv-00246** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **ERIC HOLDER, et al.,** | ) | **By:  Hon. Michael F. Urbanski** |
| **Defendants.** | ) | **United States District Judge** |

Nicholas Barbati, a federal prisoner proceeding pro se, filed a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff names as defendants Eric Holder, the Attorney General of the United States; Charles Samuel, Jr., Director of the Bureau of Prisons ("BOP"); and the Wardens of the Federal Correctional Institution in Beckley, West Virginia ("FCI Beckley"), and of the United States Penitentiaries in Lee County, Virginia ("USP Lee"), and Atwater, California. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff describes the following facts in his scant Complaint. Inmates in BOP facilities may access a private corporation's electronic database of federal court opinions. This database permits the viewing of a particular sealed judicial opinion from a federal district court,[1] which

---

[1] Plaintiff filed a copy of the sealed opinion for the court's reference with a motion to seal copies of two federal court opinions, which the court initially granted by oral order until the court could examine plaintiff's claims. Because one of the opinions has already been sealed by the issuing United States District Court, plaintiff's motion to seal is granted as to the district court opinion, and the Clerk shall seal page identification numbers 17 through 19 in the third docket entry. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-608 (1978) (recognizing a district court has the discretion to seal records depending on the relevant facts and circumstances of the particular case, including whether the records are sought for improper purposes and whether the public has already been denied access to the record). The court declines to seal either an accompanying copy of an Eleventh Circuit Court of Appeals' opinion that has not been sealed by that court or the entire case.

plaintiff claims that unnamed staff at USP Lee told inmates to read. Plaintiff claims that inmates at USP Lee read this opinion and then assaulted him. Plaintiff claims that the BOP has refused to investigate the assaults on him. In this lawsuit, plaintiff believes that the publication of the sealed opinion, the attack on him, and the refusal by BOP staff to investigate these incidents were intentional, and he bases these contentions on allegations that staff at FCI Beckley previously threatened to have plaintiff killed after he reported staff misconduct while plaintiff was incarcerated there. Plaintiff does not describe any specific act by a particular defendant that resulted in the publication of the sealed district court opinion, the attack on him by other inmates, or the refusal to investigate the series of events. Despite the lack of factual allegations, plaintiff demands $20,000,000 and injunctive relief to have sealed judicial opinions removed from BOP law libraries and to be transferred to an "appropriate facility" because he feels his life will forever be in danger.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to

2

relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint.[2] See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under Bivens, a plaintiff must allege that a defendant is a federal agent who acted under the color of authority and engaged in unconstitutional conduct. Plaintiff fails to allege any act or omission involving any defendant for his claims about the sealed opinion, being attacked, or the lack of an investigation, and plaintiff cannot proceed against defendants on the basis of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978).

---

[2] For example, the court declines to become plaintiff's advocate and to construct a claim pursuant to the Federal Tort Claims Act in this Bivens action. Plaintiff included a copy of the BOP's denial of a Federal Tort Claim in his filings of his various administrative grievances, but plaintiff does not name the United States as a party, describe a violation of state law, or indicate any desire in the Complaint, which is titled, "For use by inmates in filing a complaint under Bivens[…]," to pursue an FTCA claim.

3

See also Farmer v. Brennan, 511 U.S. 825, 839-40 (1994) (finding that case law involving § 1983 claims is applicable in Bivens actions and vice versa); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (describing the requisite personal culpability for supervisory liability).

The only defendant whose involvement is apparent from plaintiff's submissions is C. Zych, the Warden of USP Lee, who denied two of plaintiff's grievances. Grievance #720563-F1, which Zych denied as repetitive, describes how plaintiff lost property after USP Lee staff paraded him around the yard and told inmates that plaintiff was, inter alia, "hot." Grievance #723716-F1 requested that sealed judicial opinions be removed from the TRULINCS Law Library, and Zych denied the grievance because the "request cannot be addressed through the Administrative Remedy process. Content on the Electronic Law Library is determined on a National level by the Office of General Coun[sel]."

Even if the court liberally construed the grievances into Bivens claims against Zych, plaintiff would not state a claim upon which relief could be granted. Plaintiff does not allege that Zych was personally involved with or deliberately indifferent to staff's behavior on the yard, the lost property, or the publication of sealed materials in the BOP's electronic law library. See Shaw, supra. Furthermore, plaintiff does not describe how the publication of a sealed judicial opinion in a corporate database violates a federal right actionable against defendants via Bivens. Accordingly, plaintiff fails to state a Bivens claim against any defendant.

### III.

For the foregoing reasons, the court grants in part plaintiff's motion to seal and dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: June 14, 2013

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge